UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:                                                                    Case No. DL 07-01747
                                                                          Hon. Scott W. Dales
JORDAN RIVER RESOURCES, INC., et al.,[1]                Chapter 11

          Debtors.

_____/

JORDAN RIVER LIQUIDATING TRUST,                     Adversary Pro. No. 09-80300

          Plaintiff,

v.

SPINDLETOP ENERGY, LLC,

          Defendant.

_____/

<u>OPINION AND ORDER REGARDING SPINDLETOP ENERGY, LLC'S MOTION TO
DISMISS OBJECTION AND COMPEL DISTRIBUTION</u>

PRESENT:    HONORABLE SCOTT W. DALES
                    United States Bankruptcy Judge

        On April 1, 2009, Jordan River Liquidating Trust ("JRLT") filed an Objection to Claims
and Interests of Spindletop (Base Case DN 599, the "Objection"),[2]  alleging that Spindletop
Energy, LLC ("Spindletop") assigned its interest in the stock of Superior Petroleum Corporation
("SPC") to an entity known as Double Hit Investment Group, LLC ("Double Hit"), and therefore
is not entitled to any distribution. On August 24, 2009, Spindletop filed a Motion to Dismiss
Objection and Compel Distribution (Base Case DN 677, the "Motion")[3] in which it asserted that
after the initial assignment to Double Hit that prompted the Objection, Double Hit reassigned the
interest back to Spindletop effective November 10, 2006. Among the attachments to the Motion
were the actual re-assignment document and a declaration by the manager of Double Hit, under
penalty of perjury, averring that the stock was re-assigned to Spindletop. <u>See</u> 28 U.S.C. § 1746.

_____

[1] Jointly Administered with Apple Tree Resources, Inc., Case No. 07-02139, Redstone Energy Corporation, Case
No. 07-01750, and Superior Petroleum Corporation, Case No. 07-01786.
[2] Originally, the Motion was filed in the base case when it should have been filed in Adversary Proceeding No. 09-
80300, which was the proceeding established to resolve this dispute.  The court ordered that all future pleadings in
this matter be filed in the Adversary Proceeding.
[3] Spindletop filed an Amended Motion on August 31, 2009 (Base Case DN 679).

In an Order dated September 3, 2009, the court declared that it would treat the Motion as one for summary judgment within the adversary proceeding, and give the opposing party time to respond. JRLT filed a response on September 18, 2009 (the "Response"), resisting summary judgment by invoking Fed. R. Civ. P. 56(f) and arguing that relevant discovery requests are still outstanding.  As part of its Response, JRLT filed its attorney's declaration stating that his review of the Debtors' records did not reflect certain agreements between the Debtors and Spindletop, costs expended by the Debtors, or any liability to Spindletop. However, the Debtors' records did show that SPC stock was issued to Spindletop. The declaration does not mention any specific or general outstanding discovery, only that the documents turned over by Spindletop in response to JRLT's discovery requests were somehow incomplete and insufficient.

The authority that JRLT relies on to oppose the Motion states as follows:

> If a party opposing the motion shows by affidavit that, for specific
> reasons, it cannot present facts essential to justify its opposition,
> The court may:
>
> 1) deny the motion;
> 2) order a continuance to enable affidavits to be obtained,
>    depositions to be taken, or other discovery to be undertaken;
>    or
> 3) issue any other just order.

Fed. R. Civ. P. 56(f).  Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the obligation to inform the court of its need for discovery. See Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000) (quoting Vance By and Through Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996)).

The party seeking additional discovery must "affirmatively demonstrate ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998).  The court finds that JRLT's declaration does not meet this standard.[4]

The filing of a Rule 56(f) affidavit is no mere formality. Courts have placed great weight on the Rule 56(f) affidavit requirement, declaring that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to

---

[4] Although Mr. Frank's declaration does not contain the precise language required by 28 U.S.C. § 1746 for an unsworn declaration to qualify as an affidavit-substitute, the court does not rest its decision on this technical defect.

comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." Cacevic, 226 F.3d at 488.

The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit ... and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994).

Likewise, to obtain additional time for discovery pursuant to Rule 56(f), parties must show a factual basis for their claims, and provide affidavits detailing what material facts they expect to uncover through discovery. Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir. 1989). This also is missing from JRLT's declaration.

"Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Gencorp, Inc. v. AIU Ins. Co., 304 F. Supp.2d 955, 960 (N.D. Ohio 2004); see also Gettings v. Building Laborers Local 310 Fringe Benefit Fund, 349 F.3d 300, 305 (6th Cir. 2003); Cacevic, 226 F.3d at 488; Whalen v. Century Communications, 172 F.3d 61 (9th Cir. 1999) ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f)"); Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961(4th Cir. 1996) (to similar effect).

Turning to the merits of the Motion, the re-assignment documents from Double Hit, coupled with the declaration of Double Hit's manager, Eldon R. Hugie, squarely meet and defeat the grounds that JRLT advanced in its Objection, namely that "Spindletop would have forfeited its rights to the Preferred Stock in Superior Petroleum and those rights would likely be held by an entity called Double Hit which formed the basis for the Objection in the instant matter." See Brief in Support of Response to Spindletop Energy, LLC's Amended Motion to Dismiss and Compel Distribution (Adv. Pro. DN 13) at p. 8; see also Pretrial Order dated June 25, 2009 (Adv. Pro. DN 6) at p. 2 (summarizing JRLT's allegations in this matter). Spindletop's Motion propounds facts (documentary and testimonial) supporting its present interest in SPC, notwithstanding the supposed pledge or prior conveyance.  JRLT's Response admits that "some selective documents have been provided by Spindletop that would indicate a reassignment of the Preferred Stock,"[5] but complains generally about difficulties in discovery.  The court finds that the Response fails to raise a genuine issue of material fact concerning Spindletop's right to the distribution it seeks.

---

[5] See Response at ¶ 5.

To the extent that JRLT has concerns about double liability to Spindletop and Double Hit for the same preferred stock interests, the declaration of Double Hit's manager, which disclaims such interests, should assuage that concern.   Summary judgment overruling the Objection, therefore, is warranted. As a result, JRLT should effect the distribution to Spindletop in accordance with the Consolidated Joint Plan of Liquidation (Base Case DN 458).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, the Objection is OVERRULED, and the Clerk shall enter a separate judgment consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order Regarding Spindletop Energy, LLC's Motion to Dismiss Objection and Compel Distribution pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael S. McElwee, Esq. and Jerome Frank, Esq.

**IT IS SO ORDERED.**



Scott W. Dales
United States Bankruptcy Judge

**Dated: September 24, 2009**